IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY S. SCHMOKE,<br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>THURMAN M. MILLER; PENSKE<br>TRUCK LEASING CORPORATION;<br>PENSKE CORPORATION; PENSKE<br>AUTOMOTIVE GROUP; GENERAL<br>ELECTRIC COMPANY all individually<br>and d/b/a PENSKE TRUCK LEASING and<br>T. MARZETTI CO.,<br>　　　　　　　Defendants. | Civil Action No. 09-1418<br>Judge Terrence F. McVerry |

**MEMORANDUM OPINION**

McVerry, United States District Judge

　　Plaintiff filed this personal injury suit in the Court of Common Pleas of Westmoreland County, Pennsylvania, on September 18, 2009, seeking damages against various defendants for injuries he sustained in a motor vehicle accident.[1] The case was removed to this Court on October 22, 2009, and on January 13, 2010, an initial case management conference was held before then Chief Magistrate Judge Amy Reynolds Hay [Docs. 11, 12]. In accordance with the resulting case management order, discovery, including the exchange of expert reports and the depositions of experts, was to be completed by 10/1/2010; motions for summary judgment were due by 10/31/2010; and responses to summary judgment motions were due by 11/30/2010 [Doc. 12].

　　On September 14, 2010, counsel for plaintiff filed a motion to withdraw as plaintiff's attorney citing to the fact that they had reached an unresolvable impasse regarding the strategy of prosecuting

---

[1] On March 22, 2010, the parties submitted a stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) as to defendants Penske Truck Leasing Co. L.P. and General Electric Capital Corporation. The stipulation was approved by the undersigned on March 23, 2010, leaving Thurman M. Miller and T. Marzetti Co. as the only remaining defendants [Docs. 15-17].

the instant action and asking that plaintiff be given a reasonable time period to obtain new counsel and an extension of the discovery deadline [Doc. 19].

On September 22, 2010, Magistrate Judge Hay issued an order giving plaintiff until November 1, 2010, to either to retain new counsel, who was to enter his/her appearance by that date, or advise the Court that he intended to proceed with this lawsuit *pro se* [Doc. 22]. Plaintiff was also advised that his failure to comply with the order would result in Magistrate Judge Hay recommending that the case be dismissed upon plaintiff's failure to prosecute. In addition, counsel for plaintiff was ordered to provide plaintiff with a copy of the order and to advise the Court "as to the method and address employed." Id. Counsel for plaintiff notified the Court on September 27, 2010, that he had mailed a copy of the Court's order to plaintiff via certified and first class mail on September 24, 2010, and had also e-mailed a copy of it to plaintiff's e-mail address [Doc. 24]. To date, however, plaintiff has failed to comply with the Court's order having neither retained new counsel nor advised the Court that he intends to prosecute this action *pro se*.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

    (1)    The extent of the party's personal responsibility.

    (2)    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

    (3)    A history of dilatoriness.

    (4)    Whether the conduct of the party or the attorney was willful or in bad faith.

    (5)    The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

        (6)       The meritoriousness of the claim or defense.

Consideration of these factors suggest that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's order to retain new counsel or notify the Court of his intention to proceed *pro se*, which weigh heavily against him. Complying with the order was not only solely plaintiff's personal responsibility but his failure to do so in the five weeks since he received the order appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's order -- defendants have expended considerable time and monies in defending themselves against this action including engaging in discovery, retaining an expert and filing a motion for summary judgment. Any further delay would not only prove more costly but would unfairly prolong resolution of this litigation which defendants have an obvious interests in.

Although prior to resolving the motion for summary judgment it is difficult to assess factor No. 6 -- the meritoriousness of the claim -- it is noted that the accident report placed fault of the accident solely on plaintiff [Doc. 13]. Moreover, plaintiff never filed an expert report, which was due on May 31, 2010, Doc. 12, despite the fact that the case was exempted from the ADR process on the basis that "fact and expert discovery and depositions will be required before the Defendants will be in a position to assess Plaintiff's claim of liability since the accident report places fault solely on the Plaintiff" [Doc. 13].

Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). The final factor to consider is the effectiveness of sanctions other than dismissal. Since counsel for plaintiff has represented that his client is homeless, [Doc. 19], it does not appear that monetary sanctions are appropriate. Moreover, because plaintiff has failed to retain new counsel so that his case can move forward or notify the Court that he intends to proceed with the case *pro se*, he seemingly has no serious interest in further prosecution of this action and dismissal is the most appropriate action for this Court to take. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

Accordingly, this 10th day of November, 2010, IT IS HEREBY ORDERED that the complaint in the above-captioned case is DISMISSED for failure to prosecute.

The Clerk shall mark this case closed.

/s/ Terrence F. McVerry  
United States District Judge

cc:   Counsel of Record Via CM-ECF

     Jeffrrey S. Schmoke  
     P.O. Box 70313  
     Sunnyvale, CA 94086